**CV-11 3495**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

JUL 20 2011 ★

LONG ISLAND OFFICE

|  |  |
|---|---|
| TALL PINES INSURANCE COMPANY, | : |
| *Petitioner* | : |
| | : |
| vs. | : |
| | : |
| CENTURY INDEMNITY COMPANY, | : |
| *Respondent* | : |

Civil Action No.

**NOTICE OF REMOVAL**

TOMLINSON, M

SPATT, J.

**TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

   **PLEASE TAKE NOTICE,** that Respondent, Century Indemnity Company (hereinafter referred to as "Century" and "Respondent") hereby removes the above-captioned action from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1331, §1332(a)(1), and 28 U.S.C. § 1441, *et. seq.*, and in connection therewith, alleges as follows:

   1.   An action has been commenced Order to Show Cause and is now pending in the Supreme Court of the State of New York, Nassau County, entitled, Tall Pines Insurance Company vs. Century Indemnity Company bearing Index Number 8904/11. A copy of the Order to Show Cause and Petition to Stay Arbitration is attached as Exhibit "1" hereto.

   2.   Respondent first received a copy of the Order to Show Cause and Petition in this action on June 21, 2011, by way of service on Respondent's Counsel. *(See* letter from J. Kingsley to C. Russell dated June 21, 2011, Exhibit "2" hereto.)

   3.   This Notice of Removal is timely in accordance with the requirements of 28 U.S.C. §1446(b), as it has been filed within thirty (30) days after service of the Petition.

4.      This Court has original jurisdiction over this action under 28 U.S.C. §1331 and

§1332(a)(1).  This is a civil action where the matter in controversy exceeds the sum of

$75,000.00 exclusive of interest and costs and, is between citizens of different states.  In

addition, it involves 9 U.S.C. §1 *et. seq.,* the Federal Arbitration Act in that it is a motion to stay

arbitration under a contract that involves interstate commerce.  Accordingly, this action is one

that may be removed to this Court by Respondent  pursuant to 28 U.S.C. § 1441.

**DIVERSITY JURISDICTION**

5.      As alleged in the Petition, Petitioner, Tall Pines, is at the time of Removal, and

was at the time this action was commenced, a corporation organized and existing pursuant to the

laws of the State of Vermont with its principal place of business in Vermont.  (*See* Petition,

Exhibit "1" hereto at ¶ 3.)

6.      Respondent, Century Indemnity Company, is at the time of Removal, and was at

the time this action was commenced, a corporation organized and existing pursuant to the laws of

the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia,

Pennsylvania. (*See id.,* at ¶4.)

7.      Petitioner, Tall Pines, seeks relief in the form of a stay of arbitration proceedings

with respect to an arbitration commenced by Respondent, Century, on April 26, 2011. (*See id.,*

at ¶2.)

8.      The arbitration arises from a dispute under reinsurance contracts between Century

and Tall Pines pursuant to which Century has billed Tall Pines for $823,234.83, which amount

Century alleges is currently due and payable, (*see id.,* at ¶17) and which Tall Pines has not paid.

- 2 -

The amount in controversy herein, thus, exceeds $75,000 exclusive of interest and costs as provided by 28 U.S.C. §1332.

### ALTERNATIVE FEDERAL QUESTION JURISDICTION

9.     Petitioner's request for a stay of arbitration arises out of billings under two reinsurance contracts between Tall Pines and Century. Both reinsurance contracts involve interstate commerce and both require that disputes thereunder be resolved by arbitration. As such, this proceeding is governed by the Federal Arbitration Act, 9 U.S.C. §1 et. seq.

10.     By reason of the foregoing, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

11.     Written notice of the filing of this Notice of Removal and a true and complete copy of this Notice of Removal will be served upon Plaintiff's counsel, as required by law.

12.     A true and complete copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Nassau, as required by law.

**WHEREFORE,** Defendant prays that this action be removed from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York, and that the United States District Court for the Eastern District of New York issue such orders and process as are necessary to preserve its jurisdiction over this matter.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____
ANDREW I. HAMELSKY
One Penn Plaza, Suite 4110
New York, New York 10119
(212) 244-9500
*Attorney for Respondent,*
*Century Indemnity Company*

- 3 -

*Of Counsel:*

**WHITE AND WILLIAMS LLP**

Christine G. Russell, Esquire
Ellen K. Burrows, Esquire
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103
(215) 864-6301/7028
*Attorneys for Respondent,*
*Century Indemnity Company*

Dated:  July 19, 2011

- 4 -

7927211v.1